IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAVIER J. ACEVEDO-RODRÍGUEZ,<br><br>**Plaintiff**,<br><br>v.<br><br>EDGARDO LUIS CUEVAS-NATAL, *ET AL*.<br><br>**Defendants**. | **CIVIL NO.** 23-1407 (RAM) |

<u>**MEMORANDUM AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

On August 16, 2023, Plaintiff Javier J. Acevedo-Rodríguez ("Plaintiff") filed a *pro se Complaint*. (Docket No. 2). The *Complaint* was filed in Spanish, in violation of Local Rule 5. <u>Id.</u> Plaintiff later filed an *Amended Complaint*, also *pro se*, in English on January 9, 2024. (Docket No. 30). In the *Amended Complaint*, Plaintiff appears to allege that co-defendants Edgardo Luis Cuevas-Natal ("Cuevas-Natal") and Magda Quintana ("Quintana") took control of a business previously owned by the Plaintiff, along with the Plaintiff's intellectual property kept at and created for the business (the "First Claim"). <u>Id.</u> at 5-8. Plaintiff further seems to claim that co-defendants José Luis Cuevas-Ramos and Carmen Ramona Natal-Perez fraudulently sold Plaintiff's home (the "Second Claim"). <u>Id.</u> at 8-9.

The Court appointed Plaintiff pro-bono counsel on October 11, 2023, who moved to withdraw on November 24, 2023, after a consultation with the Plaintiff. (Docket Nos. 20 and 25).

On November 30, 2023, the Court granted pro-bono counsel's motion to withdraw and issued the following order: "By January 11, 2024, Plaintiff shall show cause why this action should not be dismissed for lack of federal subject matter jurisdiction. Failure to file a timely response to this order in English shall result in dismissal of this action without prejudice." (Docket No. 26).

Plaintiff filed both an *Informative Motion* and an *Amended Complaint* on January 9, 2024. (Docket Nos. 29 and 30). However, both pleadings fail to address the matters outlined by the Court. Id. In the *Amended Complaint*, the Plaintiff provides one sentence as to the issue of subject matter jurisdiction. He claims that there is "Federal subject matter . . . jurisdiction" because there were violations of "Federal laws that protect intellectual properties, moral rights and the trade secrets." (Docket No. 30 at 9). The Court construes Plaintiff's First Claim as arising under 28 U.S.C. § 1338(a), which grants district courts original jurisdiction over "any civil action arising under any Act of Congress relating to patents, . . . copyrights and trademarks." Id. The Court further assumes without deciding that Plaintiff's theory of subject matter jurisdiction vis-à-vis his Second Claim,

Civil No. 23-1407                                                    Page 3

which involves non-diverse parties[1] and an unspecified amount in damages, would invoke supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiff makes no assertion of diversity jurisdiction under 28 U.S.C. § 1332(a). Finally, in the *Informative Motion*, Plaintiff requested appointment of new *pro bono* counsel. (Docket No. 29 at 3).

Turning first to the question of whether Plaintiff's invocation of intellectual property laws is sufficient to confer federal question jurisdiction, the Court finds that it does not. The party seeking to invoke the district court's jurisdiction bears the burden of establishing it. Cedar-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1584 (Fed. Cir. 1993). To establish jurisdiction under section 1338(a), a plaintiff must assert some "right or interest under the patent laws[.]" Beghin-Say Intern., Inc. v. Ole-Bendt Rasmussen, 733 F.2d 1568, 1570 (Fed. Cir. 1984). Further, whether an action "arises under" federal intellectual property laws is a "sophisticated" question. Royal v. Leading Edge Prods., Inc., 833 F.2d 1, 2 (1st Cir. 1987). When the alleged intellectual property disputes stem from purported breaches of contract, they generally do not arise under Acts of Congress in the meaning of section 1338(a). Id. at 4.

---

[1] Per Plaintiff's *Informative Motion*, both of the defendants in the second claim reside at an address in Puerto Rico, as does the Plaintiff. (Docket No. 29 at 3).

Here, Plaintiff does not specify the rights or interests he seeks to secure; for example, although he lists various works, he does not attach examples of them, include their copyright registration numbers, or explain the damages he has incurred. (Docket No. 30). Nor does he identify a cognizable intellectual property statute conferring such rights or interests, as his references to the "Moral Rights Act," the "Rights of Publicity Act," and the "Trade Secrets Act" do not appear to correspond to any federal statute. Id. at 6, 8. Finally, Plaintiff alleges that he previously voluntarily created works for his business, and that co-defendants Cuevas-Natal and Quintana are now using these works without his permission, although they now administer and control the business. Id. at 5-6. Because this dispute appears to be about whether the rights to Plaintiff's purportedly copyrighted and patented works were assigned to his business or the co-defendants, Plaintiff's First Claim "sounds exclusively in contract." Royal, 833 F.2d at 4 (quoting Beghin-Say, 733 F.2d at 1570). Accordingly, Plaintiff has not met his burden to establish that there is federal subject matter jurisdiction pursuant to section 1338(a). *See* id.

Because there is no original jurisdiction over Plaintiff's First Claim, the Court declines to exercise jurisdiction over Plaintiff's Second Claim. *See* 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline supplemental jurisdiction when the

Civil No. 23-1407                                                    Page 5

"district court has dismissed all claims over which it has original jurisdiction").

Additionally, district court judges, in an exercise of the inherent authority to regulate their dockets, may rely upon Fed. R. Civ. P. 41(b) when considering whether to involuntarily dismiss a case *sua sponte*. See García-Perez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010); Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 43 (1st Cir. 2007). The First Circuit has held that "a party's disregard of a court order is a paradigmatic example of extreme misconduct" which may warrant dismissal. Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). When a "court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case." Id. Plaintiff's brief invocation of federal jurisdiction, without more, is insufficient to comply with the show-cause order issued by the Court.

Upon reviewing Plaintiff's allegations, the Court is compelled to dismiss Plaintiff's *Amended Complaint* for lack of subject matter jurisdiction. Furthermore, the Court has independent grounds to dismiss the current action in light of Plaintiff's failure to adequately comply with the Order at Docket No. 26. Thus, Plaintiff's *Amended Complaint* at Docket No. 30 is

hereby **DISMISSED WITHOUT PREJUDICE.** Because the matter is dismissed, the Court also declines to further appoint *pro bono* counsel. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 19th day of January 2024.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge